## STEWART'S CASE.

*New-York Common Pleas ; In Chambers, January,* 1855.

COMMITMENT FOR VAGRANCY.—RECORD, HOW FILED.—HABEAS CORPUS.

Proceedings prior to a commitment for vagrancy cannot be reviewed on *Habeas Corpus*, if that commitment is regular, and the record of conviction is properly made and filed.

Where the record of conviction should be filed.

*Habeas Corpus* directed to the keeper of the penitentiary, directing him to bring the body of Sarah Stewart before the Judge.

The return showed that the prisoner was detained by virtue of a commitment by Justice Connelly, on conviction of being a prostitute, and therefore a vagrant.

It appeared on the hearing by a certificate of the county clerk, that no record of conviction had been filed with that officer, and it also appeared that the record of conviction had been filed with the clerk of the sessions.

*E. Blankman,* for the petitioner, applied for the discharge of the prisoner, upon the ground that the statute defining who were vagrants, (2 *R. S. 4th ed.,* 34), did not include prostitutes, but they were disorderly persons, under the provisions of the act, (2 *R. S., 4th ed.,* 53), and in such cases, that the record of conviction could only be filed with the county clerk.

INGRAHAM, F. J.—Sarah Stewart is brought before me on *habeas corpus,* and is alleged to be unlawfully detained in the penitentiary. The return shows that she was committed as a

vagrant by Justice Connelly on the 16th January instant, for the period of three months, he having tried her upon a charge made against her, and convicted her of being a vagrant, on competent testimony of Daniel Carpenter, captain of fifth ward police, and that he had made and filed the record of conviction in the office of the clerk of the Court of Sessions.

Under this proceeding, if the commitment is regular on its face and the record of conviction is properly made and filed, I cannot review the decision of the magistrate. That can only be done by the Supreme Court, on *certiorari*.

The certificate of the county clerk is furnished that no record of conviction was filed there, and a copy of the record as filed with the clerk of the Sessions is also produced.

It is contended by the petitioner's counsel that the record of conviction should have been filed with the county clerk, and not with the clerk of Sessions; that the charge against the prisoner of being a prostitute, as stated in the commitment, did not warrant a conviction of vagrancy, but of being a disorderly person; and that in such cases the statute requires the record to be filed with the county clerk. There is some confusion in the different statutes, which without careful examination, may lead to error.

By the statute as to vagrants, (2 *Rev. Stats.*, 4 *ed.* 34), certain persons are declared to be vagrants, and upon conviction by a magistrate, may be sentenced to the penitentiary, and the record of conviction is to be filed in the office of the clerk of the county. But in the enumeration of offences which may be tried under this chapter, the one of which this person is convicted, (being a prostitute) is not enumerated.

By the statute as to disorderly persons, (2 *Rev. Stats.*, 4 *ed.*, 53), a similar provision is made as to other offences, and the record of conviction is directed to be filed in the office of the clerk of the county. Under this class of offences, is enumerated that of being a common prostitute.

In 1853 a statute was passed prescribing the form of the record, and directing that in all cases of conviction for vagrancy, the record of conviction shall be filed with the clerk

of the Sessions. The record in this case is substantially that prescribed by this statute. (*Laws of* 1853, 353).

It is urged that this statute does not apply to the chapter of the Revised Statutes relative to disorderly persons, and therefore the record of conviction should in such cases still be filed with the county clerk. This is so in regard to all offences which come under this description. But there is another statute which has been often overlooked, but which relieves this case from any difficulty upon this point.

By the statute relative to the powers of the common council, &c., passed January, 1833, (*Laws of* 1833, 9 *ch.* 11), habitual drunkards, common prostitutes and others are declared to be deemed vagrants, and if the magistrate, on complaint before him, is satisfied by competent testimony that any person is a vagrant within the description therein stated, he is directed to make up and sign a record, of conviction, which shall be filed in the office of the clerk of the Court of Sessions, and he shall by warrant commit such vagrant—if the offender be an improper person to go to the almshouse—to the penitentiary, for any time not exceeding six months.

The proceedings in this case are, therefore, regular and in accordance with the provisions of the last recited statute, without reference to the act of 1853. And as by this act the offence charged is declared to be that of vagrancy, the provisions of the act of 1853 are also applicable to this class of cases, and the prescribed form of the record of conviction by that act is proper and sufficient for all offences embraced in the 12th section of the act of 1833. The record of conviction and the commitment are, therefore, regular and in compliance with the statute.

If the allegations contained in the petition are true, injustice may have been done to the prisoner. It is there alleged that she was prohibited from producing witnesses on her own behalf, and from cross-examining witnesses produced against her, and that she is innocent of the charge made against her; but the guilt or innocence of the prisoner cannot be inquired into upon *habeas corpus* after conviction. If there is any remedy—and that there should be one no one can doubt—it is

La Chaise *a.* Lord.

by the Supreme Court on *certiorari.* I have no power in this proceeding to review the correctness of the decision of the magistrate.

The prisoner must be remanded and the writ discharged.*

## LA CHAISE *a.* LORD.

*New York Common Pleas ; Special Term, January,* 1855.

SPECIAL PARTNERSHIP.—RIGHTS OF CREDITORS.—APPOINTMENT OF RECEIVER.

Where an action was brought on behalf of one firm out of a large number of creditors of an insolvent firm, and was brought not only against the general partners of the firm, but also against a special partner who denied his indebtedness :— *Held,* that an application for an injunction and the appointment of a receiver must be denied.

To warrant the granting of such an application ;—

It should be made in behalf of all creditors of the insolvent firm who will unite therein ;—

And all the defendants sought to be made liable as partners, should admit the indebtedness.

Application for an injunction, and appointment of receiver.

This action was brought by La Chaise and Fanché, against Lord, Brown and Marks. The facts out of which the action arose appear in the opinion.

*C. Bainbridge Smith,* for plaintiffs.

*D. Lord* and *John B. Stevens,* for defendants Lord and Brown.

*Benedict, Boardman and Huntington,* for defendant Marks.

INGRAHAM, F. J.—The plaintiffs, being creditors of Lord and Brown, move for an injunction against the partnership property, and a receiver. The complaint shows the indebtedness of the firm of Lord & Brown to the plaintiffs, upon a note of $1,073 50 ; that Lord & Brown formed a limited partnership in December, 1850, to continue five years, and that the other defendant, Marks, was the special partner, having advanced

---

* The prisoner was afterwards discharged by the Supreme Court on certiorari— for defect in the evidence before the justice.